United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30436
Conference Calendar

RAYMOND SIMMONS

Plaintiff-Appellant

v.

MAX MALONE, THOMAS REEH; ARDIS CASH; LARRY ENGLISH; NORMAN MCMILLAN; GARY LOFTIN; REX SCOTT; COURT OF APPEAL 2ND CIRCUIT; JUDGE WILLIAMS; JUDGE CARAWAY; J J MOORE; LOUISIANA STATE SUPREME COURT; PASCAL CALOGERO; CATHERINE KIMBALL; BARNETTE JOHNSON; JEFFREY VICTORY; CHET TRAYLOR; JEANETTE KNOLL; JOHN WEIMER

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-200

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raymond Simmons appeals the dismissal of his civil rights action under 42 U.S.C. § 1983. The district court dismissed Simmons's complaint as barred by the Rooker/Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). Under the Rooker/Feldman doctrine, "lower federal courts lack [subject-matter] jurisdiction to review state court judgments when the constitutional claims are 'inextricably intertwined' with [a] challenged state court judgment." Richard v. Hoechst Celanese Chem. Group, Inc., 355 F.3d 345, 350 (5th Cir. 2003) (citing Feldman, 460 U.S. at 483 n.16).

On appeal, Simmons does not address the dismissal of his case under the Rooker/Feldman doctrine. When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Simmons's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5TH CIR. R. 42.2.

Simmons's motion for an expedited decision is DENIED.